# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| YANGAROO INC., <br><br> Plaintiff, <br><br> v. <br><br> DIGITAL MEDIA SERVICES, INC., *et al.*, <br><br> Defendants. | Case No. 1:22-cv-00660-CFC |

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

                                                    David B. Anthony (#5452)
                                                    BERGER HARRIS, LLP
                                                    1105 N. Market Street, 11th Floor
                                                    Wilmington, Delaware 19801
                                                    (302) 655-1140
                                                    danthony@bergerharris.com

*Attorney for Defendants Digital Media Services, Inc., Duplication Services, Inc., Pelco Prints, Inc., Duplication Holding Corporation, and Duplication Services, LLC*

| OF COUNSEL: | Michael A. Barlow (#3928) <br> Samuel D. Cordle (#6717) |
|---|---|
| George A. Gasper <br> ICE MILLER LLP <br> One American Square, Suite 2900 <br> Indianapolis, Indiana 46282-0200 <br> (317) 236-2100 | ABRAMS & BAYLISS LLP <br> 20 Montchanin Road, Suite 200 <br> Wilmington, Delaware 19807 <br> (302) 778-1000 <br> barlow@abramsbayliss.com <br> cordle@abramsbayliss.com |

*Attorneys for Defendants Centerfield Capital Partners, L.P., Centerfield Capital Partners II, L.P., and Centerfield Capital Partners III, L.P.*

Adam V. Orlacchio (DE # 5520)
James G. Gorman, III (DE #6284)
BLANK ROME LLP
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
(302) 425-6400
Adam.Orlacchio@BlankRome.com
James.Gorman@BlankRome.com

*Counsel for Defendant, SR Capital Advisors, LLC*

Ethan H. Townsend (#5186)
Daniel T. Menken (#6309)
MCDERMOTT WILL & EMERY LLP
1007 North Orange Street, 10th Floor
Wilmington, Delaware 19801
(302) 485-3911
ehtownsend@mwe.com
dmenken@mwe.com

Dated: September 16, 2022

*Attorneys for Defendant BDO USA LLP*

# **TABLE OF CONTENTS**

**PAGE**

I. NATURE AND STAGE OF THE PROCEEDINGS ....................................... 1

II. SUMMARY OF ARGUMENT ................................................................. 4

III. STATEMENT OF FACTS ........................................................................ 4

    A. The Agreement and Claims at Issue ........................................ 4

    B. The Citizenship of the Parties .................................................. 5

IV. ARGUMENT ............................................................................................ 7

V. CONCLUSION ....................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*Ahmed v. Hosting.com*,
    28 F. Supp. 3d 82 (D. Mass. 2014) .................................................................. 10

*Arbaugh v. Y&H Corp.*,
    546 U.S. 500 (2006) ......................................................................................... 10

*Arneault v. Diamondhead Casino Corp.*,
    277 F. Supp. 3d 671 (D. Del. 2017) ............................................................. 7, 8, 9

*U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*,
    473 F.3d 506 (3d Cir. 2007) ............................................................................... 9

*Carden v. Arkoma Assoc.*,
    494 U.S. 185 (1999) ......................................................................................... 10

*CNS v. U.S.*,
    535 F.3d 132 (3d Cir. 2008) ........................................................................... 7, 9

*McMann v. Newman Irrevocable Tr.*,
    458 F.3d 281 (3d Cir. 2006) ............................................................................... 8

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574 (1999) ......................................................................................... 10

*SWM International, LLC v. DynaEnergetics Euprope GmbH*,
    2022 WL 93851 (D. Colo. Jan. 10, 2022) ........................................................ 11

*Zambelli Fireworks Mfg. Co. v. Wood*,
    592 F.3d 412 (3d Cir. 2010) ................................................................... 8, 10, 11

**Statutes**

28 U.S.C. § 1332 ...................................................................................................... 2

**Other Authorities**

Fed. R. Civ. P. 8(a)(1) .............................................................................................. 8

Fed. R. Civ. P. 12(b)(1) ................................................................................. *passim*

Fed. R. Civ. P. 12 .................................................................................................3, 4, 10

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendants respectfully request that the Court dismiss the Complaint of Plaintiff Yangaroo Inc. ("Plaintiff") for lack of subject matter jurisdiction for the reasons stated herein.

## I.     NATURE AND STAGE OF THE PROCEEDINGS

This is a straightforward contract dispute between Plaintiff Yangaroo Inc. ("Plaintiff") and the other parties to an asset purchase agreement (the "Asset Purchase Agreement" or "APA"). Specifically, Plaintiff purchased the assets of three Defendants and now seeks indemnification for alleged breaches of representations in that agreement. The parties to that contract include the three Defendants that sold their assets (collectively, "DMS"), the company that owned the stock of the three Defendants, and that company's owner (collectively, together with DMS, the "DMS Defendants") and Plaintiff. While Plaintiff could have (but did not) negotiate for the Purchase Agreement to include advisors and owners further up the chain as parties to the contract's indemnification provision, Plaintiff also asserts claims against non-parties to the APA, including the owners of DMS's parent company[1] and DMS's advisor[2] (collectively, with the DMS Defendants, "Defendants").

---

[1] Centerfield Capital Partners, L.P. ("Centerfield I"), Centerfield Capital Partners II, L.P. ("Centerfield II"), and Centerfield Capital Partners III, L.P. ("Centerfield III," and together with Centerfield I and Centerfield II, the "Centerfield Defendants") and SR Capital Advisors, LLC.

[2] BDO USA, LLP.

Plaintiff's claims are both legally and factually flawed. But the Court need not reach the substantive allegations of Plaintiff's Complaint. As a threshold matter, this Court should dismiss the case for lack of subject matter jurisdiction. Plaintiff has failed to plead diversity of citizenship for purposes of subject matter jurisdiction, and, factually, there is no diversity of citizenship given that both the Plaintiff and at least two Defendants are foreign citizens.

Plaintiff initiated this lawsuit on May 19, 2022, alleging in its Complaint that "[t]his Court has subject matter jurisdiction over this controversy based upon diversity of citizenship pursuant to 28 U.S.C. § 1332." Compl. ¶ 12. Plaintiff further alleged that "[j]urisdiction and venue are also proper pursuant to Section 8.11 of the Asset Purchase Agreement." Compl. ¶ 15.

On August 11, 2022, the Court ordered Plaintiff to "identify no later than August 18, 2022 the citizenship of (1) the members of all LLC defendants and (2) the partners of all partnership defendants." Before Plaintiff made the filing ordered by the Court, counsel for the Centerfield Defendants provided information to Plaintiff verbally on a meet and confer teleconference and in writing demonstrating that at least one Defendant is a foreign citizens, a fact which alone would destroy diversity of citizenship given Plaintiff's foreign citizenship.

On August 18, 2022, Plaintiff filed a Certification of Diversity Jurisdiction (D.I. 25). Plaintiff's submission did not mention the information the Centerfield

Defendants had previously provided or the good faith efforts Defendants were making to meet and confer regarding diversity of citizenship issues.

The DMS Defendants filed a motion to dismiss on August 24, 2022 (D.I. 32) on the basis that Section 8.11 of the Asset Purchase Agreement requires Plaintiff to bring its claims in the Delaware Court of Chancery, not here.[3]

On August 29, 2022, the Centerfield Defendants delivered a sworn declaration confirming the information previously provided regarding citizenship and providing additional information establishing that at least two Defendants are foreign citizens, further supporting that diversity of citizenship does not exist.

On August 31, 2022, the Court held a teleconference regarding, among other things, Plaintiff's Certification of Diversity Jurisdiction, following which the Court entered a Stipulation and Order Concerning Motions to Dismiss on September 6, 2022, ordering Defendants to file this motion to dismiss (the "Rule 12(b)(1) Motion") and staying all other aspects of this proceeding (including the briefing of

---

[3] If the Court denies Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, the remaining Defendants also anticipate filing a similar motion to dismiss on the bases argued in the DMS Defendants' motion. The Defendants expressly preserve all defenses under Rule 12 in addition to lack of subject matter jurisdiction including but not limited to those enumerated under Rule 12(b)(2)-(7) in accordance with this Court's September 6, 2022 Order (D.I. 44). If Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied, some or all of the Defendants anticipate filing a Motion to Dismiss on several grounds, including lack of personal jurisdiction, failure to state a claim, *forum non conveniens*, and/or other applicable defenses.

the DMS's Defendants prior motion to dismiss under Rule 12(b)(6)) pending the Court's determination regarding the Rule 12(b)(1) Motion.

## II. SUMMARY OF ARGUMENT

The Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction because (1) Plaintiff has failed to meet its burden to plead diversity of citizenship for purposes of subject matter jurisdiction with respect to the non-corporate Defendants, and (2) at least two Defendants are foreign citizens, meaning that diversity of citizenship (Plaintiff's sole alleged basis for federal court subject matter jurisdiction) does not exist.

## III. STATEMENT OF FACTS

### A. The Agreement and Claims at Issue

On May 19, 2021, Plaintiff entered into the Asset Purchase Agreement with the DMS Defendants. Compl. ¶ 18. A copy of the APA is attached to Yangaroo's Complaint (D.I. 2-1) and incorporated here by reference.

Plaintiff alleges that the DMS Defendants breached representations in the APA concerning a customer (Verizon) that later terminated its contract with the company and that the DMS Defendants are therefore liable for breach of contract and indemnification. Plaintiff generally alleges that each of the named Defendants "concealed and/or failed to disclose information to Yangaroo concerning Verizon and the Verizon Agreement" (Compl. ¶ 44) and has also alleged claims for

4

fraudulent inducement, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, tortious interference, and unjust enrichment.

      **B.**      <u>**The Citizenship of the Parties**</u>

According to the Complaint, Yangaroo is a Canadian corporation with a principal place of business in Ontario, Canada. Compl. ¶ 1. The Complaint did not attempt to allege the citizenship of the Defendant limited liability companies and limited partners. Instead, it recited where each Defendant was organized and the location of each defendant's alleged principal place of business. Compl. ¶¶ 6-11.

As reflected in the Declaration of Michael Miller (attached hereto as Ex. 1, the "Miller Decl."), at least two of the Defendants have ownership that renders them foreign citizens.

Specifically, Centerfield II has approximately 56 limited partners, including approximately 17 individuals, 11 limited partnerships, 7 trusts, 6 limited liability companies, 5 corporations, 5 insurance companies, 3 pension funds, and 2 banks. Miller Decl. ¶ 5. Two of the limited partners are WP Global Mezzanine Capital Strategies II (RLA), L.P. and WP Global Mezzanine Capital Strategies II, L.P (collectively, "WP Global"). Miller Decl. ¶ 9.

Centerfield has conferred with the Managing Director and Chief Compliance Officer of WP Global to determine the citizenship of the partners in these two entities. *See* Miller Decl. ¶ 10. Specifically, when asked if their limited partners

included individuals or corporations outside the United States, WP Global indicated that it "most definitely has international clients" and that the RLA in one of the partner names at issue actually stands for Royal London Assurance (which describes itself as the UK's largest mutual life, pensions, and investment company registered in England and Wales, with its registered office in London).  Miller Decl. ¶ 11. Centerfield was told that RLA was the sole limited partner of WP Global Mezzanine Capital Strategies II (RLA), L.P.  Miller Decl. ¶12.

Centerfield also was told that the limited partners of WP Global Mezzanine Capital Strategies II, L.P. include European and Middle East pension funds, which was consistent with the fact that the Centerfield Defendants have previously had to make (ordinary-course) regulatory disclosures due to the investments (via WP Global) that originated from the Middle East.  Miller Decl. ¶ 13.

Defendant Duplication Services, LLC also has international investors. Specifically, both Centerfield II and CCP II-A Holding Company, LLC are members (among others) in Duplication Services, LLC.  CCP II-A, L.P. is a member in CCP II-A Holding Company, LLC, and one of its limited partners is RWB Global Market Vintage 2008 GmbH ("RWB").  Miller Decl. ¶ 18.

A GmbH is a form of company organized under German law.  The Centerfield Defendants' point of contact with RWB (an analyst located in Bavaria, Germany) has advised the Centerfield Defendants that RWB's owners include individuals who

are not United States citizens, though RWB's representative (advised by German counsel) eventually declined to provide written confirmation or further information in light of RWB's "duties of confidentiality owed to our underlying investors in our fund documents and relevant law."[4] Miller Decl. ¶ 19.

## IV. ARGUMENT

The Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). "A motion to dismiss for lack of subject matter jurisdiction may present either a facial attack or a factual attack." *Arneault v. Diamondhead Casino Corp.*, 277 F. Supp. 3d 671, 675 (D. Del. 2017). A "facial attack" concerns "an alleged pleading deficiency," whereas a "factual attack" concerns "the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." *CNS v. U.S.*, 535 F.3d 132, 139 (3d Cir. 2008) (quoting *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). Plaintiff's Complaint is susceptible to both attacks.

---

[4] For several reasons (as described in the Miller Declaration), the Centerfield Defendants are not aware of the citizenship for each of the limited partnerships, limited liability companies, and trusts that are limited partners of the Centerfield Defendants. While the Centerfield Defendants know the identity of the limited partners, those partners are reluctant to share (and sometimes contractually prohibited from sharing) the names and citizenship of their individual owners. The Centerfield Defendants have, however, focused on those limited partners that they believe to be most likely to include foreign citizenship.

*First*, Plaintiff's pleading of subject matter jurisdiction is facially deficient. Federal Rule of Civil Procedure 8(a)(1) requires Plaintiff to provide a "short and plain statement of the grounds for the court's jurisdiction. The burden of establishing diversity jurisdiction rests with the party asserting its existence." *McMann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006). "A party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence." *Arneault*, 277 F. Supp. at 675. For purposes of diversity of citizenship, unincorporated entities such as limited partnerships and limited liability companies, take on the citizenship of each of their partners or members. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419–20 (3d Cir. 2010). "To determine the citizenship of the unincorporated entity, citizenship 'must be traced through however many layers of partners or members there may be.'" *Arneault*, 277 F. Supp. at 675 (quoting *Zambelli*, 592 F.3d at 420).

Plaintiff's Complaint makes the conclusory allegation that this Court has subject matter jurisdiction over these state law claims (Compl. ¶¶ 12-15) but makes no attempt to satisfy its pleading burden with respect to the citizenship of the limited liability company and limited partner Defendants. Instead, the Complaint simply alleges the state of organization and the principal place of business of the various alternative entity Defendants. Compl. ¶¶ 6–11. These allegations do not provide sufficient information to allow the Court to trace citizenship through the various

8

layers of partners or members. Plaintiff's Certification of Diversity Jurisdiction identifies names and addresses for *some* of the limited partners of the Centerfield Defendants but does not provide information sufficient to identify the citizenship of the partners or members of the limited partners that are themselves limited liability companies or limited partnerships. Plaintiff's request in its Certification of Diversity Jurisdiction for "limited jurisdictional discovery to address the citizenship of the organizational defendants" is unavailing against Defendants' facial subject matter jurisdiction challenge. In assessing "the sufficiency of the diversity pleading" in the Complaint on a motion to dismiss, "the Court is not permitted to look to [an after-filed party declaration]." *Arneault*, 277 F. Supp. at 676–77 (granting motion to dismiss where amended complaint did not identify the partners of an unincorporated entity, notwithstanding a declaration identifying the individual partners filed later in connection with the plaintiffs' opposition to a motion to dismiss).

*Second*, Plaintiff cannot establish subject matter jurisdiction as a matter of fact because the parties lack complete diversity of citizenship. A "facial attack on the existence of subject matter jurisdiction . . . place[s] the burden of persuasion" on Plaintiff, and the Court is "permitted to make factual findings, beyond the pleadings, that [are] decisive to determining jurisdiction." *CNA*, 535 F.3d at 145; *see Atkinson*, 473 F.3d at 514 ("If this is a factual attack . . . it is permissible for a court to review evidence outside the pleadings."). Plaintiff is a Canadian citizen. Compl. ¶ 1.

9

Diversity jurisdiction only exists, therefore, if none of the Defendants are foreign citizens. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580 n.2 (1999) ("The foreign citizenship of defendant [ ], a German corporation, and plaintiff [ ], a Norwegian corporation, rendered diversity incomplete."); *Ahmed v. Hosting.com*, 28 F. Supp. 3d 82, 92 (D. Mass. 2014) ("The United States Supreme Court has ruled that when both a plaintiff and a defendant are foreign citizens, complete diversity is absent.") (citing *Ruhrgas AG*, 526 U.S. at 580 n.2). In other words, if any of the defendants have foreign citizenship, then the case must be dismissed. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Both Centerfield II and Duplication Services, LLC have foreign citizenship.

Centerfield II is a limited partnership that takes on the citizenship of each of its partners. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1999). Likewise, Centerfield II also therefore takes on the citizenship of each of its limited partners' limited partners. *Zambelli*, 592 F.3d at 420. As set forth above, Centerfield II has now been advised that the Royal London Assurance (a UK insurance company) is the sole limited partner of WP Global Mezzanine Capital Strategies II (RLA), L.P., which is a limited partner in Centerfield II. Moreover, Centerfield II also was advised that another limited partner in Centerfield II (WP Global Mezzanine Capital Strategies II, L.P.) also has European and Middle Eastern pension funds included among its limited partners.

Duplication Services, LLC is a limited liability company, whose citizenship is determined by its members. *Id.* Like Centerfield II, Duplication Services, LLC has foreign ownership that destroys diversity here. Specifically, (i) one of its members is CCP II-A Holding Company, LLC; (ii) CCP II-A, L.P. is a member of CCP II-A Holding Company, LLC; (iii) RWB Global Market Vintage 2008 GmbH ("RWB") is a limited partner in CCP II-A, L.P.; and (iv) RWB's members include individuals who are foreign citizens.[5]

Because foreign citizenship exists on both sides in this case, diversity is incomplete, and this Court does not have subject-matter jurisdiction.

## V.     CONCLUSION

For the reasons set forth herein, Defendants respectfully submit that this Court lacks subject-matter jurisdiction over this case and this case should be dismissed pursuant to Rule 12(b)(1).

---

[5] Some federal courts have concluded a GmbH is akin to a corporation (and therefore concluded it is a German citizen), while other federal courts have concluded a GmbH is akin to a limited liability company (and therefore concluded its citizenship is determined by that of its members). *SWM International, LLC v. DynaEnergetics Euprope GmbH*, 2022 WL 93851, at *2 n.1 (D. Colo. Jan. 10, 2022) (citing cases that have reached different conclusions). Either way, even if Plaintiff persuaded this Court to treat the GmbH as a limited liability company, RWB would still be considered a foreign citizen based upon the information above.

|  |  |
|---|---|
|  | /s/ David B. Anthony<br>David B. Anthony (#5452)<br>BERGER HARRIS, LLP<br>1105 N. Market Street, 11th Floor<br>Wilmington, Delaware 19801<br>(302) 655-1140<br>danthony@bergerharris.com<br><br>*Attorney for Defendants Digital Media Services, Inc., Duplication Services, Inc., Pelco Prints, Inc., Duplication Holding Corporation, and Duplication Services, LLC* |
| OF COUNSEL:<br><br>George A. Gasper<br>ICE MILLER LLP<br>One American Square, Suite 2900<br>Indianapolis, Indiana 46282-0200<br>(317) 236-2100 | /s/ Michael A. Barlow<br>Michael A. Barlow (#3928)<br>Samuel D. Cordle (#6717)<br>ABRAMS & BAYLISS LLP<br>20 Montchanin Road, Suite 200<br>Wilmington, Delaware 19807<br>(302) 778-1000<br>barlow@abramsbayliss.com<br>cordle@abramsbayliss.com<br><br>*Attorneys for Defendants Centerfield Capital Partners, L.P., Centerfield Capital Partners II, L.P., and Centerfield Capital Partners III, L.P.*<br><br>/s/ Adam V. Orlacchio<br>Adam V. Orlacchio (#5520)<br>James G. Gorman, III (#6284)<br>BLANK ROME LLP<br>1201 N. Market Street, Suite 800<br>Wilmington, Delaware 19801<br>(302) 425-6400<br>Adam.Orlacchio@BlankRome.com<br>James.Gorman@BlankRome.com |

*Counsel for Defendant, SR Capital Advisors, LLC*

 /s/ *Ethan H. Townsend*
Ethan H. Townsend (#5813)
Daniel T. Menken (#6309)
MCDERMOTT WILL & EMERY LLP
1007 North Orange Street, 10th Floor
Wilmington, Delaware 19801
(302) 485-3911
ehtownsend@mwe.com
dmenken@mwe.com

Dated:  September 16, 2022

*Attorneys for Defendant BDO USA LLP*