IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| YANGAROO INC., <br><br> Plaintiff, <br><br> v. <br><br> DIGITAL MEDIA SERVICES, INC., DUPLICATION SERVICES, INC., PELCO PRINTS, INC., DUPLICATION HOLDINGS CORPORATION, DUPLICATION SERVICES, LLC, CENTERFIELD CAPITAL PARTNERS, L.P., CENTERFIELD CAPITAL PARTNERS II, L.P., CENTERFIELD CAPITAL PARTNERS III, L.P., SR CAPITAL ADVISORS, LLC, and BDO USA, LLP, <br><br> Defendants. | Civil Action No. 22-660-CFC |

## **MEMORANDUM ORDER**

This case arises out of an asset purchase agreement. The parties to the agreement were Plaintiff Yangaroo Inc. and Defendants Digital Media Services, Inc., Duplication Services, Inc., Pelco Prints, Inc., Duplication Holdings Corporation, and Duplication Services, LLC (collectively, DMS). Yangaroo has sued DMS for breach of contract and fiduciary duties, fraudulent inducement, indemnification, and unjust enrichment. D.I. 33 ¶¶ 58–87, 101–107. Yangaroo

has also accused Defendants Centerfield Capital Partners, L.P., Centerfield Capital Partners II, L.P., Centerfield Capital Partners III, L.P., SR Capital Advisors, LLC, and BDO USA, LLP of aiding and abetting DMS's breach of fiduciary duties, tortious interference with the asset purchase agreement, fraudulent inducement, and unjust enrichment. D.I. 33 ¶¶ 79–83, 88–107.

Although the asset purchase agreement expressly provides that "[e]ach Party irrevocably and unconditionally . . . consents to submit to the exclusive jurisdiction of the Delaware Court of Chancery . . . for any suit, action or legal proceeding arising out of or relating to th[e] [asset purchase] [a]greement and the transactions contemplated [t]hereby," D.I. 33-1 at 53, Yangaroo filed its suit in this Court. Yangaroo alleges that this Court has jurisdiction over the case based on diversity of the parties' citizenships under 28 U.S.C. § 1332. D.I. 33 ¶ 12.

Pending before me is Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction (D.I. 45). Defendants argue that this Court lacks diversity jurisdiction under § 1332 because, among other things, Yangaroo and Centerfield Capital Partners II (Centerfield II) are not diverse citizens.

Yangaroo is a Canadian corporation. D.I. 33 ¶ 1. Thus, for diversity jurisdiction to exist, no defendant can be a foreign citizen. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (holding that § 1332 "require[s] complete

diversity between all plaintiffs and all defendants"); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580 n.2 (1999) ("The foreign citizenship of defendant [ ], a German corporation, and plaintiff [ ], a Norwegian corporation, rendered diversity incomplete.").

For diversity jurisdiction purposes, the citizenship of Centerfield II is based on the citizenship of each of its partners. *See Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) ("[C]ourts are to look to the citizenship of all the partners (or members of other unincorporated associations) to determine whether the federal district court has diversity jurisdiction."). Yangaroo's Amended Complaint alleges only that Centerfield II is organized under the laws of Delaware with a principal place of business in Indiana. D.I. 33 ¶ 8. It does not identify the partners of Centerfield II or their citizenship. Nor does it allege that every partner of Centerfield II is not a foreign citizen. These failures render the Amended Complaint facially deficient and require dismissal of the case for lack of diversity jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015) ("A State X plaintiff may . . . survive a facial challenge [to diversity jurisdiction] by alleging that none of the defendant association's members are citizens of State X.").

Yangaroo asks as an alternative to dismissal that I grant it jurisdictional discovery. "District courts have the authority to allow discovery in order to

3

determine whether subject-matter jurisdiction exists. Rule 8(a)(1), however, serves a screening function: only those plaintiffs who have provided some basis to believe jurisdiction exists are entitled to discovery on that issue." *Lincoln*, 800 F.3d at 108 (internal footnotes and citations omitted). In this case, Yangaroo has not provided a basis to believe that Centerfield II does not have a foreign partner. Defendants have submitted a sworn declaration by Michael Miller, a senior partner of Centerfield Capital Partners. According to Miller, the sole limited partner (Royal London Assurance) of one of Centerfield II's limited partners (WP Global Mezzanine Capital Strategies II (RLA), L.P.) is a British company. D.I. 48 ¶¶ 9–12. Miller based that sworn statement on discussions he had with the Managing Director and the Chief Compliance Officer of WP Global. D.I. 48 ¶¶ 10–12. Yangaroo has offered no substantive reason why Miller's sworn statement lacks credibility. Its only objection is that the statement is based on hearsay. Given the present circumstances, that objection is insufficient to justify a fishing expedition under the guise of jurisdictional discovery. "[J]urisdictional discovery is not available merely because the plaintiff requests it." *Lincoln*, 800 F.3d at 108 n.38.

NOW THEREFORE, at Wilmington on this Twenty-first day of February in 2023, it is HEREBY ORDERED that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (D.I. 45) is GRANTED.[1]

*[signature]*
CHIEF JUDGE

---

[1] Because I am dismissing the case, I need not and will not consider whether counsel complied with their Rule 11 obligation to exercise *before* they filed the Complaint due diligence to determine if diversity jurisdiction existed. *See* D.I. 50 ¶¶ 6–15 (detailing steps Plaintiff's counsel took to determine citizenship of Defendants *after* I *sua sponte* ordered Plaintiff on August 11, 2022 to "identify no later than August 18, 2022 the citizenship of (1) the members of all LLC defendants and (2) the partners of all partnership defendants."); *see also Lincoln*, 800 F.3d at 108 ("In order to satisfy its obligations under Rule 11, a party must conduct a reasonable inquiry into the facts alleged in its pleadings. Thus, before alleging that none of an unincorporated association's members are citizens of a particular state, a plaintiff should consult the sources at its disposal, including court filings and other public records. If, after this inquiry, the plaintiff has no reason to believe that any of the association's members share its state of citizenship, it may allege complete diversity in good faith." (internal footnote and citation omitted)).

5